Ms. Vincent is here for the appellant, and Ms. Bala Subramanian is here for the athlete. Did I get that right? Ms. Vincent, you may begin when you're ready. Good morning, Your Honors. May it please the Court, my name is Dani Vincent, and I'm here on behalf of Plaintiff Appellant Mr. Damene Woldeab. The District Court erred when it dismissed Mr. Woldeab's pro se complaint with prejudice. This Court should reverse the District Court because it was an abuse of discretion to dismiss Mr. Woldeab's pro se complaint without First Suspente giving him an opportunity to amend. There is no dispute in this case that Mr. Woldeab sued the wrong entity. But there is also no dispute in this case that under the federal rules and under this Court's precedent in Bank v. Pitt, Mr. Woldeab could have amended his complaint to name the proper entity. But when you look at our precedent, it seems to suggest that there has to be some indication that he wants to amend this complaint, and we don't have any indication of that in the record, do we? I would submit, actually, that this Court's precedent states one of the exceptions to Bank is where the plaintiff clearly indicates he does not want to amend. And so that inverts the actual exception, which is that only when the Court has clear indication that the plaintiff does not want to amend does the Court not have to apply Bank v. Pitt. As this Court also said in Bank, the amendment rule in Bank is not just limited. But our precedent doesn't say the Court can sua sponte, though, advise him that if you want to amend, I'm going to give you an opportunity to amend. I mean, it doesn't say that. But the Court's precedent does say that for a pro se plaintiff, the Court has to give an instruction and an opportunity to amend even where the plaintiff doesn't ask, a pro se plaintiff doesn't ask to amend. What case says that? Bank says it, and cases post-Bank say that as well. Does he clearly indicate that he does not want to amend the Court? No. If he clearly indicates he does not want to amend, then the Court does not have to give a sua sponte instruction to amend. Okay. And the case that Bank refers to, which is Freelander v. Nims, for what clear indication that he does not want to amend is Freelander v. Nims. And in Freelander, at a hearing, the judge told the plaintiff that he had sued the wrong defendant. And the plaintiff agreed at the hearing with the judge and said he would amend the complaint. And then he didn't. And that is when it is clear that the plaintiff, knowing of the defect and knowing of the right to amend, still chooses not to amend. Okay. But what's clear in this case, he was pro se, and it looks like he didn't know that he had an opportunity to amend, which is why he filed a notice of appeal, rather than ask for an opportunity to amend his complaint. That seems to be what happened in this case. Correct. And I think our precedent is a little unclear. And so let's say we accept your argument, and we want to clarify our precedent for circumstances like this, when a plaintiff is proceeding pro se, and the complaint has been dismissed, and the pro se plaintiff is confused about whether or not he has an opportunity to amend his complaint, what should the rule be going forward? Well, I think the rule as it stands is sufficient. As this Court said in Bank, citing two previous cases, that the rule is still true, citing to Thomas at 847F2D773, this is still true where the plaintiff does not seek leave to amend until after the district court renders final judgment. And in Sardar v. Mays, this Court said, even where the plaintiff never seeks to leave to amend in the district court, but instead appeals the district court's dismissal. And then this Court in Bank said, if our precedent, Sardar and Thomas, leave any doubt regarding the rule to be applied in this circuit, we now dispel that doubt by restating the rule where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice. All right. Now, I think when DeKalb County gets up here, they're going to say the fact that he filed a notice of appeal is an indication that he didn't want to amend his complaint. He just wanted to proceed with his notice of appeal. There's no indication in the record that he wanted to amend his complaint. He filed his district court. You're wrong about whether or not I sued the right party. I'm going to the Eleventh Circuit. I'm filing a notice of appeal. That's a clear indication that he didn't want to amend his complaint. I disagree in that this Court has also said in Bank that when a plaintiff is faced with dismissal, which is what Mr. Woldeab was faced with, that that is a signal to the plaintiff by the Court that the Court does not consider the defects in the complaint to be subject to cure by amendment. And so when the Court dismisses the action with prejudice, there's no notice to the plaintiff that he could amend the complaint, which is what Bank says he's entitled to. And help me. I thought that the pro se defendant did not make the argument that you're now making, which is, of course, proper. I mean, you're counsel. And I thought your position was that the law has already been settled in this area on this issue. Now, the pro se defendant did not make the argument. You're legitimately making it. And so for the first time, this argument is being made. And your position is that it's covered by Santiago and that we already have the precedent. Correct. Go ahead. No. Santiago is on all fours with this case. We have a pro se teacher who filed suit under Title VII. She named the wrong defendant because she was confused by the intricacies of Title VII pleading and was confused about who her employer was. The district court dismissed, granted summary judgment on her claims, despite the fact that the defendant had raised that they were the not proper entity in their briefing and summary judgment. Once she got final judgment that the court said that's not the proper entity and granted summary judgment on those grounds, she appealed, immediately appealed that decision. And this court said that immediate appeal of that final judgment was sufficient indication that she wanted to amend and would have amended if she had been given the opportunity. DeKalb County, when they get up here, they're going to say there's other problems with this complaint other than the fact that you sued the wrong defendant. There's a timeliness and exhaustion issue. Why doesn't futility come into play here? Can you put together a complaint that will survive a 12B6 motion to dismiss? I believe that is certainly possible. And the standard in Bank is that when an amended complaint might state a claim, he's entitled to one chance to replete that. Briefly on the exhaustion issue, DeKalb argues that amendment to name the correct party would have been futile because Mr. Woldeab failed to exhaust his administrative remedies. That is not true. Both the magistrate judge and DeKalb County concede that he has properly exhausted claims related to his June 25, 2014 termination under Title VII that was exhausted through the EEOC process. So any claim for discrimination or retaliation based on his termination is properly exhausted. I thought the magistrate judge said otherwise. No, the magistrate judge at page 9 said, quote, I find that the sole adverse employment action that could be actionable in this case is plaintiff's June 25, 2014 termination from employment. So those claims are clearly exhausted. The magistrate judge then did say that he failed to plead sufficient facts about the Bank itself was about the need for an amendment to allow the plaintiff to plead more specific factual allegations to allow the district court to determine whether or not a claim was stated. Are you asking if we rule in your favor that trial judges should add that cautionary instruction when they do a dismissal of a pro se complaint the first time? I would submit that in this case, the primary error that the district court committed was simply to, instead of saying, as he did, the district court dismisses the action with prejudice, that it should have instead said dismisses the action subject to plaintiff's right to 15 days or 10 days or 20 days, that dismissal might have been appropriate, but it should have been subject to leave to amend the complaint as required by Bank v. Pitt. And that's what you request in your brief? Correct. Is reversal and remand with an opportunity to replead? Thank you, Ms. Vincent. Thank you. We'll hear from Ms. Bala Subramanian. Pretty good, huh? Thank you, Your Honors. I have a bit of a cold, so excuse my voice. May it please the court. My name is Anita Bala Subramanian from the law firm of Nelson, Mullins, Riley & Scarborough, and I represent the Appalachee County Board of Education. As Ms. Vincent correctly identified, there is no dispute in this case that the Board of Education is not the correct entity that should be sued. The dispute, really, the heart of the dispute is whether this court is required, or whether the court should permit Mr. Woldeab to, or whether the court should remand the case and compel the district court to allow him an opportunity to amend his complaint. As my client, of course, as the court correctly identified, disagrees that Mr. Woldeab expressed a willingness to amend his complaint. He had multiple opportunities at several stages. I understand he was pro se in the lower court, but our argument is that he was not confused about the correct entity. So your argument is that Santiago would be applicable in this case if he was confused, but that under the facts of this case he wasn't confused? Yes, Your Honor, that's correct. Under the facts of this case, he was not confused. He plainly refused to agree with the law. What about when he filed, I'm reading, when he filed his objection to the R&R, and you point to that, but he basically says, does it mean the local Board of Education is not accountable for the action that the Board makes, which is recommending hiring, firing, and intimidating teachers?  I contest the Board of Education should be accountable. I mean, doesn't that sound sort of confusing? Your Honor, I understand that he made that statement, but I believe that he was evincing his disagreement with the law in that sense because the district court subsequently entertained a motion for reconsideration from him after it adopted the R&R in which he continued to say that the Board should be held accountable and express the unfairness of not being able to sue the Board. And in that sense, the district court, in the shoes that it was in at that time, interpreted that not to present a possibility that he was confused, but just to simply show his disagreement with the fact that the Board was not the entity capable of being sued. The other issue, I think, is that he had multiple opportunities and a clear admonition by the magistrate judge recognizing that he didn't respond to the Board's motion to dismiss at all. He only filed objections. So there were no arguments presented to the magistrate court, who very liberally construed his complaint. And in the absence of that objection, the magistrate judge felt, you know, felt it appropriate to rule in the Board's favor. The problem with your position is we still have this language in Bank v. Pitt, which reads, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice. So all the judge had to do was dismiss it without prejudice and give him one more shot. Your Honor, I appreciate that point. The problem, though, is the fact that the futility issue comes into play, and I think that's the stronger issue. You would agree with what Judge Wilson just said, that that's all that needed to be done, and that that's controlling precedent in Santiago. But you would say, in this case, he knew he had the right to do it from the record, and he didn't want to do it. Well, that was one basis. Yes, Your Honor. That was one basis, I think, that the unwillingness piece was one basis for the court not to give that instruction, but I think the futility issue is even more compelling because How would the court know if he wasn't given an opportunity to amend his complaint? How would the court, the district court, and I think the magistrate court, I'm not sure, but I know the district court, they said, We don't have to go there because this complaint, because we're dismissing with prejudice because this complaint doesn't assert a claim. But if he had been given the opportunity to amend, we don't know whether he could have asserted a claim, do we? Well, I think, Your Honor, the court can't ignore the fact that at this juncture, he is represented by counsel, and in his briefs filed by counsel, they have presented a florid, detailed, factual narrative, and stating that this is what an amended complaint could look like, and still there's a futility that the court needs to examine because there are still no facts. I don't think it would change the outcome of the district court's finding of futility because there are no facts that tie the June 25, 2014, termination to any actionable claim under Title VII. There is no discriminatory act. The alleged protected activity of filing an EEOC complaint charge occurred three years prior to the termination, and I'm not aware of any precedent that would, that finds temporal proximity with a three-year gap. So with the detailed, factual presentation of counsel from a very prominent appellate litigation firm, there is still no factual basis that would change the court's outcome below. The Supreme Court of the United States in Delaware State College v. Ricks, 449 U.S. 250, found you can't use a termination that falls within the limitations period to pull in a time-barred discriminatory act, nor can a time-barred discriminatory act, nor can a time-barred act justify filing a charge concerning a termination that was not independently discriminatory. There is no fact in the record, even in the record before this Court, and this Court has the benefit of hindsight and the benefit of a factual picture that is presented and drafted by counsel. There is no fact that would make an amended, that would make an amended complaint serve any purpose. The discriminatory, the alleged discrimination is too remote from the termination. It happened in 2011. It's outside the statute of limitations. All we have is facially neutral, you know, professional acts. The problem is the district court didn't make any findings. The district court did not.  The magistrate judge afforded Mr. Woldeb every benefit of liberal construction of his complaint. He teased every fact in Mr. Woldeb's narrative that could possibly be anything adverse. But the fact of the matter is there is no adverse action in the 180 days prior to the filing of the charge, other than his June 25, 2014, termination, and that termination is the only adverse act, and it is too remote from — But the district court didn't say anything about all that. Well, the magistrate judge found that there was no connection that he could draw from the facts alleged to the actionable termination. Yeah, the magistrate judge recommended, but we don't have any findings by the district court. The district court fully adopted the findings of the magistrate judge as the order of the court. He fully adopted. He incorporated all of those findings and conclusions of law into his order. So the magistrate judge is the order of the district court. And the district court, frankly, under the Federal Magistrates Act — Refresh my recollection. I thought the district court said that the other issues are moot because he sued the wrong defendant. The other objections were moot. So since Mr. Woldeb didn't present his objections to the magistrate judge, the district court simply found the objections moot, but he didn't find the issues moot. All of the bases for dismissal that the magistrate judge found, the district court adopted. So he fully reviewed every finding of the magistrate judge, and there's nothing that says that he didn't fully agree with every word in the magistrate judge's R&R. So on that basis, the district court complied with all the requirements for a review of a magistrate judge's decision and issued a full order with full findings that there was no purpose to allowing him or instructing him to amend. And I think primarily we'll rest on our brief for the remainder of our arguments, but for these reasons, we feel that the court should affirm the lower court's finding. Title VII is a statute that is the purpose of which is to encourage prompt resolution of disputes. It's now been four years since he filed his charge of termination or discrimination and two years since the original filing of the complaint. There's no fact in the record before this court, even with the brief submitted by counsel, that suggests that there would be any actionable claim under Title VII, even if the court were to return this case to the district court in reverse. The court would be elevating forum over substance to follow the black-letter rule of bank without considering that there is no fact, even with the elegant narrative presented by his counsel, that would serve any purpose. So for those reasons, we ask this court to affirm. Thank you very much. Let me ask you one question. Have you never been shocked in reading a Supreme Court opinion where they have said, well, equitable tolling might apply in this case because, and maybe this plaintiff may have been the genius to have thought of a way to get around your time-barred argument? Well, I have read the equitable tolling cases, Your Honor, but his counsel's brief, and he alleges in his complaint, that his honeymoon period at his new school was very brief, and he claims that from the beginning his administration did not agree with his professionalism. So in the equitable tolling cases, my understanding is that the tolling would occur if he was led to believe that there was no discrimination or retaliation happening. But my understanding of the briefs filed by Mr. Woldeab is that he was dissatisfied with his treatment from the start of the three-year period that he was in his most recent school. So I would argue that equitable tolling does not apply in this case. He would have had his claims from the time that he believed he was being discriminated against, which was pretty much the entire time, the entire three years that he was at Stevenson High School. So, you know, but in the absence of any facts that show that normal criticism of his professionalism is somehow tied to unlawful discrimination or retaliation, you know, there's no purpose to allowing him to amend a complaint. I mean, the Court has a factual narrative drafted by counsel before it, and there is nothing. So – Even if he had possibly named the right party. Even if he had named the right party, we would argue – He may have learned something that caused him to stick the magic language in the amended complaint that the Court didn't give him an opportunity to do. Well, I don't think that naming the correct party changed the players that he believes were – should be held accountable. You know, the naming of the correct party is just one of the – is the tip of the iceberg, as we argue. But he still viewed his direct supervisors as the people who allegedly, you know, criticized him excessively. So, you know, for those reasons, I don't think that he was led to believe in any capacity that he was a strong – you know, that he was not being – or that he was led to believe that he was not being discriminated against, if that's his theory in an amended complaint. Thank you very much. Thank you, counsel. Ms. Vincent, you've reserved some time for rebuttal. I would like to start by discussing the difference between Banks' standard for futility of an amended complaint versus what DeKalb's complaint or objection is to Mr. Woldeab's original complaint. In St. Charles' Food, this Court said that futility is the legal conclusion that the complaint as amended would necessarily fail. As amended. We don't have an amended complaint in this case. There is no proposed amended complaint. Yes, there are facts and a narrative that I put in to the brief before this Court. That is not an amended complaint. I have not had in-depth discussions with my client about drafting an amended complaint in this case. And, in fact, in Bank v. Pitt, this Court had a proposed amended complaint attached to the briefing before it that had not been submitted to the district court. And this court declined to consider the proposed amended complaint, ruling instead, saying in footnote 8, as a part of a supplemental brief filed at the request of this court, the banks have filed a proposed amended complaint. We are emphasizing that we are not granting the banks' leave to amend. We are merely saying that the district court should have done so. Indeed, we have not even looked at the document filed. We leave it to the district court to examine any amended complaint filed in that court. And that it is the job of the district court to review any amendment in this case to see whether or not an amendment would state a claim, but that there was no finding of futility by the district judge in this case, and, therefore, he needed to give the Mr. Woldeab the chance. All banks says is if you could plead more specific factual allegations, we could plead more specific factual allegations about his termination. We can plead more specific factual allegations about the retaliation and the causation between the 2011 EEOC charge and the 2014 dismissal and the Georgia Teachers Fair Dismissal Act, which is interjected into the middle of that. All of that could be repled in a more carefully drafted complaint before the district court. And Banks said he was entitled to one chance to file that amended complaint to replede those allegations. And because futility on exhaustion grounds is not an issue, because there's no dispute that exhaustion is proper as to the termination, there's no futility on the factual allegation failure to state a claim because that's exactly what Banks says he's entitled to amend. And because there was no clear indication by Mr. Woldeab that he didn't want to amend, he was told by the magistrate judge that, yes, he should have named another party, and then the magistrate judge went on to say, but even if he had named the correct party, I still would have dismissed it on these grounds. That is not a clear instruction from the court to amend his complaint, and so he didn't have anything to respond to. He didn't have notice that he could have amended the complaint. And because neither of the exceptions in Bank applies to these facts, the rule in Bank v. Pitt controls. A more carefully drafted complaint might state a claim, and he was entitled to one opportunity to amend his complaint to fix those defects. Does the court have any further questions? I see no questions. Thank you, Ms. Vinson. And the court also thanks you for your service. I see you were appointed to represent Mr. Woldeab. Yes, Your Honor. Thank you for your service. You're welcome. And the next case on the docket, Lauren Houston v. Country Club.